```
                 IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                         _____

                           No. 96-10176
                          Summary Calendar
                         _____


ARNOLD BELL; PATRICK JAMES REEDOM; DONALD WILLIS,

                                         Plaintiffs-Appellants,

versus

CITY OF FORT WORTH ET AL.,

                                         Defendants-Appellees,

----------------------------
DONALD WILLIS, Petitioner's middle initial is "D",

                                         Plaintiff-Appellant,

versus

CITY OF FORT WORTH, TX.,

                                         Defendant-Appellee,

----------------------------
PATRICK JAMES REEDOM Et Al.,

                                         Plaintiffs-Appellants,

versus

CITY OF FORT WORTH CDC COMMITTEE Et Al.

                                         Defendants-Appellees,

----------------------------
DONALD WILLIS, and all black agencies applicants for CDBG
grants with the Fort Worth and HUD, both past and present,

                                         Plaintiff-Appellant,

versus

U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT; SHIRLEY
LEWIS; CARLOS RENTIA; CITY OF FORT WORTH; KATIE WORSHAM;
MELODEE HUMBERT; JERRY JENSEN; CARLOS MELENDEZ,

                                         Defendants-Appellees.
```

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-004-A
- - - - - - - - - -
July 26, 1996

Before JOHNSON, GARWOOD and WIENER, Circuit Judges.

PER CURIAM:[*]

Arnold Bell, Patrick James Reedom, and Donald Willis named the City of Fort Worth and several of its employees as defendants in a civil suit alleging discrimination against black applicant in the Community Development Block Grant (CDBG) process. On February 26, 1996, the district court entered a final judgment dismissing "all plaintiffs' claims against all defendants except for plaintiffs' claims against the city for damages, court supervision of the City of Fort Worth CDBG grant process, and immediate financing of the Oakland Incubation Project for $5 million dollars, for violations of 42 U.S.C. § 5309 and Title VI."

Appellants argue that the district court judge erred by failing to recuse himself because he granted the defendants' motion to amend the scheduling order in the case without allowing the appellant 20 days to respond. Other than making general and conclusional allegations of bias, the appellants have produced nothing that would cause a reasonable man to doubt the district court's impartiality. See 28 U.S.C. § 455(a); Levitt v. Univ. of

---

[*]     Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

<u>Texas at El Paso</u>, 847 F.2d 221, 226 (5th Cir.)(citations omitted), <u>cert. denied</u>, 488 U.S. 984 (1988).  The district court did not abuse its discretion by refusing to recuse himself from this case.  <u>United States v. Harrelson</u>, 754 F.2d 1153, 1165 (5th Cir.), <u>cert. denied</u>, 474 U.S. 908 (1985).

On appeal, Bell, Reedom, and Willis do not specifically challenge any of the district court's conclusions that supported the grant of summary judgment.  Rather, the appellants focus their argument on whether the district court erred in granting summary judgment after amending the scheduling order without allowing twenty days for the appellants to respond. This court ordinarily defers to the district court in the management of its own docket.  See <u>Union City Barge Line v. Union Carbide Corp.</u>, 823 F.2d. 129, 135 (5th Cir. 1987)(district court has broad discretion to control its own docket). The appellants have not shown that the district court abused its discretion in amending the scheduling order.

This appeal is without arguable merit and thus frivolous. See <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  All outstanding motions are DENIED.

Bell, Reedom, and Willis are hereby cautioned that any additional frivolous appeals filed by them or on their behalf will be met with sanctions.  To avoid sanctions, Bell, Reedom, and Willis should review all pending appeals to ensure they are not frivolous.

APPEAL DISMISSED; MOTIONS DENIED; SANCTIONS WARNING.